UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARLA GERRARD,

               Plaintiff,                            Case No. _____

vs.

                                                  L.C. Case No. 2022-193533-NO

WAL-MART STORES EAST, LP,

               Defendant.

| BRIAN L. FANTICH (P60935) | NICOLE M. WRIGHT (P63513) |
|---|---|
| CARRA J. STOLLER (P64540) | BRIAN D. KING (P78738) |
| ADAM J. GANTZ (P58558) | ZAUSMER, P.C. |
| LAW OFFICE OF KELMAN & FANTICH | Attorneys for Defendant |
| Attorneys for Plaintiff | 32255 Northwestern Highway, Suite 225 |
| 30903 Northwestern Highway # 270 | Farmington Hills, MI 48334 |
| Farmington Hills, MI 48334 | (248) 851-4111/ Fax: (248) 851-0100 |
| (248) 855-0100 Fax: (248) 855-3557 | nwright@zausmer.com |
| kelmanandassociates@yahoo.com | bking@zausmer.com |

**DEFENDANT WAL-MART
STORES EAST, LP'S NOTICE OF REMOVAL**

    NOW COMES, Defendant, WAL-MART STORES EAST, LP
("Defendant"), by and through its attorneys, ZAUSMER, P.C., and hereby
removes this case from Oakland County Circuit Court, pursuant to 28 U.S.C. §§
1441(a) and 1446(a), for the reason that diversity of citizenship exists between the
Plaintiff, KARLA GERRARD ("Plaintiff"), a citizen and resident of the City of
Walled Lake, County of Oakland and in the State of Michigan, and Defendant,

{04274917}

WAL-MART STORES EAST, LP, organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas.  (See Paragraph One of Plaintiff's Complaint, attached as **Exhibit "A"**.) Defendant has properly served its Notice of Removal on Plaintiff. In support of its removal of this action, the Defendant states the following:

1.     This action is pending in the Oakland County Circuit Court in the State of Michigan.  The Complaint was filed with the Circuit Court on or around April 8, 2022.  (See Plaintiff's Complaint, attached as **Exhibit "A"**.)

2.     Defendant, WAL-MART STORES EAST, LP, was served with Plaintiff's Summons and Complaint by Process Server on April 19, 2022.  (See Service of Process Transmittal Form, attached as **Exhibit "B"**.)

3.     This Notice of Removal is filed within thirty (30) days after the Defendant was served with the Summons and Complaint, in compliance with 28 U.S.C. § 1446(b).  Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached as **Exhibit "A"**.

4.     This Court has jurisdiction over this action, pursuant to 28 U.S.C. §1332.  Jurisdiction exists because the parties are respectively citizens of different states and the amount in controversy alleged in the Complaint, exclusive of costs, allegedly exceeds Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

A.  Based on the allegations in the Complaint, Plaintiff is a citizen of the County of Oakland, State of Michigan.  (See Plaintiff's Complaint at Paragraph One, attached as **Exhibit "A"**.)

B.  Defendant, WAL-MART STORES EAST, LP, is a Limited Partnership organized under the laws of the State of Delaware, with its principal place of business in Bentonville, Arkansas.  WAL-MART STORES EAST, LP is not a citizen of the State of Michigan.

C.  Defendant, WAL-MART STORES EAST, LP'S limited and general partners are not citizens of the State of Michigan:

- General Partner
  WSE Management, LLC
  702 S.W. 8th Street
  Bentonville, Arkansas  72716-0555
  WSE Management, LLC is a Delaware Limited Liability Company with a principal place of business in Bentonville, Arkansas.

- Limited Partner
  WSE Investment, LLC
  702 S.W. 8th Street
  Bentonville, Arkansas  72716-0555
  WSE Investment, LLC is a Delaware Limited Liability Company with a principal place of business in Bentonville, Arkansas.

D.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), an Arkansas Limited Liability Company. The principal place of business for the aforementioned entities is Bentonville, Arkansas.  Walmart Inc. is the sole member of Wal-Mart Stores East, LLC, and is a corporation organized under the laws of the State of Delaware, whose principal place of business is in the State of Arkansas.

{04274917}                                    3

E.      Further, according to the allegations in Plaintiff's Complaint, the amount in controversy, exclusive of interest and costs, is in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars. Specifically, Plaintiff alleges, *inter alia*, in her Complaint, that she sustained serious and disabling injuries, including, but not limited to:

       i.      Injuries to right ankle;

       ii.     Injuries to left shoulder;

       iii.    Injuries to hand;

       iv.     Injuries to head, neck, back and spine;

       v.      Severe injuries to upper and lower extremities;

       vi.     Altered gait;

       vii.    Permanent limp;

       viii.   Inability to ambulate;

       ix.     Permanent scarring;

       x.      Diminished extension, flexion, and range of motion;

       xi.     Decrease in gross and fine motor skills;

       xii.    Severe shock;

       xiii.   Physical pain and suffering (past and future);

       xiv.    Disability and disfigurement;

       xv.     Mental anguish (past and future);

       xvi.    Fright and shock;

    xvii.   Denial of social pleasures and enjoyments;

    xviii.  Embarrassment, humiliation and mortification;

    xix.   Medical expenses (past and future); and

    xx.   Loss of earnings and earning capacity.

(See Plaintiff's Complaint at Paragraph 16, including subparagraphs (a.) through (f.), attached as **Exhibit "A"**.)

F.    Additionally, Defendant has requested that Plaintiff cap her alleged damages claim at Seventy-Five Thousand and 00/100 ($75,000.00) Dollars or less.  (See Correspondence to Plaintiff's Attorney, dated April 26, 2022, attached as **Exhibit "C"**.)  However, to date, Plaintiff has declined to cap her alleged damages claim because she believes, at this juncture, her alleged damages are in excess of Seventy-Five Thousand and 00/100 ($75,000.00) Dollars.

5.    For purposes of diversity of jurisdiction, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business …" *Delphi Automotive Systems, LLC v. Segway Inc.,* 519 F.Supp.2d 662, 665 (E.D. Mich. 2007).

6.    In view of the above, there is complete diversity of citizenship between the parties.

7.    Accordingly, based on the information known to date, this action may be removed from State Court to Federal Court, pursuant to 27 U.S.C. §§ 1332 and 1446(b).  Defendant will file a copy of this Notice of Removal with the Clerk of

the Oakland County Circuit Court in the State of Michigan.  Further, Defendant

will serve copies of this Notice on Counsel of record for Plaintiff.

Respectfully Submitted,

ZAUSMER, P.C.

/s/ *Nicole M. Wright*
NICOLE M. WRIGHT (P63513)
Attorney for Defendant
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111
Dated:  May 17, 2022         nwright@zausmer.com

## CERTIFICATE OF SERVICE

I hereby certify that on **May 17, 2022**, I electronically filed the foregoing
paper with the Clerk of the Court, using the ECF system and copies of such
documents were served upon the following individuals by U.S. Mail:

Brian L. Fantich, Esq.
Law Offices of Kelman & Fantich
30903 Northwestern Highway, Suite 270
Farmington Hills, MI 48334

/s/ *Nicole M. Wright*
Zausmer, P.C.
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334-2374
(248) 851-4111
nwright@zausmer.com

{04274917}                    6